IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ANTONIO LEVON TURRENTINE,       )
                                )
            Plaintiff,           )
                                )
    v.                           )       1:17CV100
                                )
LOPEZ, et al.,                   )
                                )
            Defendants.          )

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court upon Defendant Lopez's[1] Motion to Dismiss. (Docket Entry 55.) This matter is ripe for disposition. For the following reasons, it is recommended that the Court dismiss the claims against Defendant Lopez.

**I. BACKGROUND**

Plaintiff, a pro se prisoner proceeding *in forma pauperis*, filed this action against several Defendants alleging use of excessive force stemming from an incident in June 2015. (*See generally* Complaint, Docket Entry 2; Amended Complaint, Docket Entry 6.) On November 28, 2018, the United States Marshal's Service ("USMS") filed a return indicating that service on Defendant had been effectuated via certified mail at the Durham Police Department on 505 West Chapel Hill Street in Durham, North Carolina.[2] (Docket Entry 18 at 1.) On May

---

[1] Defendant is listed in the Complaint as "Durham Police Department Chief of Police 'Lopez'" (Complaint ¶ IV(B), Docket Entry 2), but for the sake of brevity the Court herein refers to him "Defendant Lopez."

[2] USMS had initially reported service unexecuted as to Defendant Lopez and noted that he no longer worked at the Durham Police Department. (Docket Entry 16 at 1.)

1

28, 2019, Plaintiff moved for entry of default against Defendant Lopez, Defendant "Inv. J. Valle," and "Inv. Honeycutt." (Docket Entries 27, 28, 29.) Having concluded that these Defendants had been served and had neither filed an answer nor a responsive pleading, the Court entered default against them pursuant to Federal Rule of Civil Procedure 55(a). (Docket Entry 30 at 2-3.) Plaintiff then moved for default judgment. (Docket Entry 32.) In response, the three aforementioned Defendants, including Defendant Lopez, filed a motion to set aside entry of default. (Docket Entry 36.)

Defendant Lopez submitted an affidavit in support of this motion, indicating that he had retired as Chief of Police on December 31, 2015; that he had not designated any employee of the City of Durham to accept service of process on his behalf after this date; and that he had not personally accepted service of process with regard to the summons in this matter. (Lopez Aff. ¶¶ 2-4, Docket Entry 36 at 8-9.) The Court set aside entry of default against Defendant Lopez. (Docket Entry 49 at 9; Docket Entry 51.) Defendant Lopez then filed a motion to dismiss for insufficient service of process. (Docket Entry 55.) Plaintiff followed with a response. (Docket Entry 58.)

## II. DISCUSSION

"Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell,* 152 F.3d 304, 306 (4th Cir. 1998); *Reynolds Innovations,* 851 F. Supp. 2d at 962; *U.S. ex rel. Metromont Corp. v. S.J. Constr., Inc.*, No. 1:09CV745, 2010 WL 2793919, at *5 (M.D.N.C. July 15, 2010) ("If service of process is not valid, a district court lacks jurisdiction over a defendant.").

Defendant Lopez's motion to dismiss was filed pursuant to Federal Rule of Civil Procedure 12(b)(5), under which a defendant may move to dismiss an action where service of process failed to comply with the requirements of Federal Rule of Civil Procedure 4. Pursuant to Rule 4, service may be effectuated under state law (Rule 4(e)(1)) or by delivering the summons "to the person individually," leaving a copy at the person's home, or delivering a copy to "an authorized agent." Fed. R. Civ. P. 4(e)(2). Service of process on an individual under state law in North Carolina is governed by North Carolina Rule of Civil Procedure 4. N.C. Gen. STAT. § 1A-1, Rule 4(j)(l). N.C. R. Civ. P. 4 provides that service can be accomplished by delivering a copy of the summons and complaint: to the person; to the person's dwelling or usual place of abode; to an authorized agent; or by mail, addressed to the party to be served. *Id.*

Once sufficiency of service has been challenged, the plaintiff bears the burden of establishing that service of process has been accomplished in a manner that complies with Rule 4. *See Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 519, 526 (M.D.N.C. 1996). If a defendant is not timely served, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Noncompliance with Rule 4 does not mandate dismissal where the necessary parties have received actual notice of a suit and where they have not been prejudiced by the technical defect in service. *See Karlsson v. Rabinowitz*, 318 F.2d 666, 668-69 (4th Cir. 1963).

As noted above, the summons and complaint were delivered to the Durham Police Department, which had not been Defendant Lopez's place of employment for almost three years at the time of delivery. (Lopez Aff. ¶¶ 2, 4.) The documents were signed by an individual who was not authorized, either explicitly or implicitly, to accept service on Defendant Lopez's behalf. (*Id.* ¶ 3.) Furthermore, Plaintiff does not offer evidence in his response to Lopez's motion to dismiss that would support validity of service. (*See* Docket Entry 58.) Therefore, service has not been properly effectuated on Defendant Lopez.

The undersigned acknowledges that, in the case of an *in forma pauperis* plaintiff proceeding pro se, the analysis on a motion to dismiss brought under Rule 12(b)(5) does not end there. *See Adkins v. Jackson*, 2018 WL 1279338, at *3 (W.D.N.C. March 12, 2018) (noting that, before a case with a plaintiff proceeding *in forma pauperis* be dismissed based on failure to effectuate service, "the Court must first ensure that the U.S. Marshal has used reasonable efforts to locate and obtain service on the named defendants"); *see also Greene v. Holloway*, 210 F.3d 361 (table) (4th Cir. 2000) (per curiam) (unpublished); *Mitchell v. Forsyth Cty. Sheriff Office*, 2020 WL 1539733, at *5 (M.D.N.C. March 31, 2020) (Peake, M.J.). Regardless of that duty, the undersigned recommends *sua sponte* dismissal of Plaintiff's claims against Defendant Lopez for failure to state a claim.

When a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2). The only claim alleged against Defendant Lopez appears to be a claim to properly train and supervise officers who Plaintiff alleges violated his

4

constitutional rights during the June 2015 incident. (Compl. ¶ 125.) The undersigned, in the prior recommendation to set aside entry of default, wrote the following:

> "Although not expected to prevent all illegal acts by subordinates, if a supervising officer is 'deliberately indifferent to his supervisory responsibility, he then bears some culpability for illegal conduct by his subordinates, and he may be held vicariously liable for their illegal acts." *Wiggins v. Quesenberry*, 222 F. Supp. 3d 490, 502 (E.D. Va. 2016) (citation omitted). To prove supervisory liability, a plaintiff must demonstrate:
>
>> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff;
>>
>> (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices," and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.
>
> *Gandy v. Robey*, 520 F. App'x 134, 142-43 (4th Cir. 2013) (citation omitted). Here, Plaintiff fails to allege supporting facts indicating that Lopez's subordinates engaged in widespread conduct that posed an unreasonable risk to citizens like Plaintiff, nor that [Defendant] Lopez was aware of such conduct and was deliberately indifferent towards it. *Wiggins*, 222 F. Supp. 3d. at 502.

(Docket Entry 49 at 7-8.) Plaintiff, who is proceeding *in forma pauperis*, thus fails to state a claim against Defendant Lopez, and the Court should dismiss any claims against him.

## III. CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that the Court **GRANT** Defendant's Motion to Dismiss (Docket Entry 55) pursuant to Rule 12 for failure

5

to effectuate service. Alternatively, **IT IS RECOMMENDED** that the Court **DISMISS** *sua sponte* all claims against Defendant Lopez for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(ii) and **DENY** the Motion to Dismiss (Docket Entry 55) as moot.

                                                              _____
                                                                   Joe L. Webster
                                                          United States Magistrate Judge

June 4, 2020
Durham, North Carolina