IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ANTONIO LEVON TURRENTINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:17CV100 |
| ) | |
| LOPEZ, et al., ) | |
| ) | |
| Defendant(s). ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE

This matter is before the Court upon Plaintiff Antonio Levon Turrentine's letter document which the Clerk has docketed as a "Motion to Reopen Case." (Docket Entry 80.) The undersigned construes Plaintiff's document as a motion for relief from the Court's Judgment pursuant to Federal Civil Procedure Rule 60(b). As explained herein, Plaintiff's motion should be denied.

Plaintiff, a pro se prisoner, filed this action in early February 2017 alleging that Durham Police Department officers used excessive force against him during his June 2015 search and arrest. (*See generally* Complaint, Docket Entry 2; Amended Complaint, Docket Entry 6.) After a series of preliminary matters, including recommending dismissal of one defendant,[1] the undersigned issued an Order placing this case on the standard discovery track with a discovery deadline of October 5, 2020. (*See* Docket Entry 61.) Several Defendants were unsuccessful in obtaining discovery from Plaintiff and subsequently filed a motion to dismiss pursuant to

---

[1] All claims against Defendant Lopez were dismissed with prejudice on July 13, 2020. (*See* Docket Entries 59, 62.)

1

Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute. (*See* Docket Entry 65.) The motion alternatively requested that the Court compel Plaintiff to respond to Defendants' outstanding discovery requests. (*Id.* at 2.)[2]

After Plaintiff failed to respond to the motion to dismiss, the undersigned recommended that said motion be granted and that the Court further dismiss *sua sponte* all claims against the remaining unserved Defendants without prejudice. (*See* Docket Entry 74.) On November 30, 2020, United States District Judge William L. Osteen, Jr. adopted the Recommendation and as a result, the claims against Defendants Inv. J. Valle and Inv. Honeycutt were dismissed pursuant to Federal Rule of Civil Procedure 41(b), and all claims against the remaining unserved Defendants Sgt. K. Green, Inv. T.D. Douglas, Inv. S. Newton, Inv. J. Haynes, Inv. Childress, Inv. Thrall, Inv. John Does, Investigator J. Green, and Investigator A. Stringham were dismissed without prejudice. (*See* Docket Entry 79.) Plaintiff did not appeal the Judgment. Rather, nearly a year later, Plaintiff filed the instant motion. (Docket Entry 80.)

As previously stated, the Court construes Plaintiff's motion as a request to vacate the Judgment under Federal Rule of Civil Procedure 60(b). To seek relief under Rule 60(b), "a party first must show timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (internal quotations and citation omitted). After satisfying the threshold requirements, the movant must then establish one of the six enumerated grounds for

---

[2] Unless otherwise noted, all citations in this recommendation refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system.

2

relief, which include "any other reason that justifies relief." Fed. R. Civ. P. 60(b). It is within the sound discretion of the Court as to whether relief under Rule 60(b) should be granted. *McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991). "[W]here a motion is for reconsideration of legal issues already addressed in an earlier ruling, the motion is not authorized by Rule 60(b)." *CNF Constructors, Inc. v. Donohoe Const. Co.*, 57 F.3d 395, 401 (4th Cir. 1995) (internal quotations and citation omitted).

Here, there is nothing in Plaintiff's motion that warrants relief under Rule 60(b). Plaintiff contends that he was unaware of dismissal of his case and that his mental state has essentially been impacted due to medical reasons. (*See* Docket Entry 80.) First, the record does not reflect that a copy of the November 30, 2020 Judgment sent to Plaintiff was returned to the Court as undelivered. Second, while the Court is sympathetic to Plaintiff's health issues, this does not demonstrate exceptional circumstances for relief under Rule 60(b). Moreover, Plaintiff points to a September 2020 deposition that took place with he and defense counsel to illustrate that defense counsel was untruthful about his representations regarding Plaintiff's lack of discovery efforts. (*See id.* at 3-4; *see also* Docket Entry 80-1.) However, in their motion to dismiss, Defendants Inv. J. Valle and Inv. Honeycutt noted that "[d]ue to [Plaintiff's] intentional delays and failure to respond, [defense] counsel is forced to *depose* [Plaintiff] without any written discovery responses." (Docket Entry 66 at 8 (emphasis added).) Ultimately, Plaintiff's arguments are unpersuasive, do not warrant Rule 60(b) relief, and his motion should thus be denied. Accordingly,

3

**IT IS HEREBY RECOMMENDED** that Plaintiff's letter document, docketed as a "Motion to Reopen Case" and construed as a motion for relief under Federal Civil Procedure Rule 60(b), (Docket Entry 80) be **DENIED**.

Joe L. Webster
United States Magistrate Judge

March 22, 2022
Durham, North Carolina